IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LACIE STOUDEMIRE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-756-WKW |
| | ) | (WO) |
| OPP HEALTH & | ) | |
| REHABILITATION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is the Joint Stipulation of Dismissal (Doc. # 5) filed by Plaintiffs Beverly Berry and Lessie Lott and Defendant Opp Health & Rehabilitation, LLC.[1] The stipulation is construed as written notice that, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs Berry and Lott have the opposing party's written consent to amend the complaint to dismiss their Title VII claims with prejudice.[2]

---

[1] In the Complaint (Doc. # 1), Defendant Opp Health & Rehabilitation was incorrectly designated as "Northport Health Services, D/B/A Opp Health and Rehabilitation, LLC."

[2] Because Rule 41 speaks in terms of dismissal of "an action" but not individual claims, "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004). A more appropriate approach is to proceed with an amendment pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *Cf. id.* (noting that the proper way for "[a] plaintiff" to unilaterally drop fewer than all claims against a defendant is to amend the complaint under Rule 15 of the Federal Rules of Civil

Upon consideration of the notice (Doc. # 5), it is ORDERED that the Title VII claims of Plaintiffs Beverly Berry and Lessie Lott against Defendant Opp Health & Rehabilitation, LLC, are DISMISSED with prejudice. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading . . . with the opposing party's written consent."); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004) ("Unless the plaintiff's motion or the district court's order stipulates otherwise, a claim dropped through a Rule 15 amendment—or, for that matter, an action dropped pursuant to Rule 41(a)—is dismissed without prejudice.").

Further, it is ORDERED that, **on or before December 12, 2016**, Plaintiffs shall file an amended complaint that contains only the remaining claims in the original complaint, including the claims Plaintiffs Beverly Berry and Lessie Lott assert against Defendant Opp Health & Rehabilitation, LLC, pursuant to 42 U.S.C. § 1981.

The Clerk of the Court is DIRECTED to correct the name of Defendant Opp Health & Rehabilitation, LLC on the docket sheet.

DONE this 30th day of November, 2016.

                                                          /s/ W. Keith Watkins
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

Procedure); *Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010) (holding that, after entry of summary judgment in favor of the defendant on two of three claims, "Rule 15 . . . was the correct way to dismiss" the remaining claim with prejudice upon the plaintiff's unilateral request).